UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQBAL NAJJAR,

Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS, LLC,

Defendant.
_________________________________/

Case No. 2:26-cv-11130
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (ECF No. 10)**

## I. Introduction

This is a consumer rights case. Plaintiff Eqbal Najjar, proceeding *pro se*, is suing defendant Radius Global Solutions, LLC (RGS) claiming violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. (ECF No. 1). RGS removed the case to federal court on the grounds of federal question jurisdiction and filed an answer to the complaint. (ECF No. 5). The case has been referred to the undersigned for all pretrial proceedings. (ECF No. 6). Before the Court is RGS's motion for summary judgment. (ECF No. 10). As will be explained, Najjar has not responded to the motion and the time for doing so has

passed. For the reasons stated below, it is RECOMMENDED that RGS's motion be GRANTED and the case be DISMISSED.

## II. Background

On April 7, 2026, RGS filed a notice of removal. (ECF No. 1). On April 14, 2026, RGS filed an answer to the complaint. (ECF No. 5). On April 20, 2026, pretrial proceedings were referred to the undersigned. (ECF No. 6). On April 21, 2026, the Court filed an order to submit a discovery plan which also contained information about *pro se* resources for Najjar, including a statement that she is expected to follow the applicable court rules. (ECF No. 7). On May 4, 2026, RGC submitted a discovery plan, explaining that counsel attempted to meet with Najjar to confer about the plan, but Najjar advised that she did not consent to a plan. (ECF No. 8). On May 5, 2026, the Court entered a scheduling order based on RSG's estimate that four months of discovery was needed. (ECF No. 9). In the scheduling order, the Court again reminded Najjar that "although she is proceeding *pro se*, she is still required to follow the Federal Rules of Civil Procedure and the local rules of this district, in particular as to discovery and motion practice.… A failure to cooperate can result in sanctions, up to and including dismissal." (*Id.*, PageID.55).

On July 31, 2026, RGS filed a motion for summary judgment. (ECF No. 10). In the motion, RGS stated that it attempted to obtain Najjar's concurrence by

sending an email explaining the nature of the motion and requesting a telephone conference to discuss. (*Id.*). Najjar responded that she only wanted to communicate in writing and did not concur in the relief sought.

Najjar was ordered to respond to the motion by August 31, 2026. (ECF No. 11). Najjar did not file a response as directed. On September 14, 2026, the Court gave Najjar another chance to file a response, ordering her to "**respond to RGS's motion for summary judgment by September 28, 2026**. **Najjar is warned that a failure to file a timely response will result in the motion being considered unopposed and may result in a recommendation that the motion be granted.**" (ECF No. 12, PageID.78, emphasis in original). Again, Najjar failed to file a response and the time for doing so has passed.

## III. Legal Standards

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists…." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The nonmoving party "must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must ... do more than simply show that there is some metaphysical doubt as to the material facts[.] ... [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (citations omitted). "Such evidence submitted in opposition to a motion for summary judgment must be admissible." *Alexander*, 576 F.3d at 558 (internal quotation marks and citations omitted). In other words, summary judgment is appropriate when the motion "is properly made and supported and the nonmoving party fails to respond with a

showing sufficient to establish an essential element of its case...." *Stansberry*, 651 F.3d at 486 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Najjar is *pro se* does not reduce her obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, ... 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (*quoting Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion").

As noted, Najjar has not responded to the motion. However, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting

evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-81 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991))). Nonetheless, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000) (table).

## IV. Analysis

### A. Overview

RGS says that this case is the result of a simple misunderstanding regarding the debt being collected. Najjar alleges that RGS violated the FDCPA by attempting to collect on a debt from a DISH Network account that Najjar disputed. RGS says that it stopped collecting on the DISH account after receiving a dispute

letter. However, months later, an Imagine credit card account in Najjar's name was placed into collection. RGS sent Najjar a letter attempting to collect on this new and different debt. Najjar has not disputed this debt.

B. Discussion

1.

The material facts are found in the Declaration of Greg Stevens, Chief Compliance Officer at RGS, which is attached as Exhibit A to RGS's motion, as follows. (ECF No. 10-2, PageID.68-70). The record also contains Najjar's dispute letter, attached as Exhibit A-1 to RGS's motion. (ECF No. 10-3, PageID.72-73).

RGS is a debt collector. RGS does not purchase or own debt but collects debt on behalf of its creditor clients. *See* ECF No. 10-2, Declaration of Stevens. On January 31, 2025, DISH Network placed an account in the name of Eqbal Najjar with RGS for collection. (*Id*., PageID.69). On February 3, 2025, RGS emailed an initial notice providing the required FDCPA disclosures, including the right to dispute the debt within thirty (30) days of the initial notice, and commenced collection efforts. (*Id.*).

On September 11, 2025, well outside of the 30-day validation period, RGS received a dispute letter dated September 1, 2025, from Najjar requesting verification. (*Id*; ECF No.10-3). RGS ceased collection efforts on the account, requested deletion of the tradeline it was furnishing to the consumer reporting

agencies, and returned the account to DISH Network. No additional collection efforts occurred on the DISH account after RGS received plaintiff's September 1 dispute letter. (ECF No. 10-2, PageID.69).

On January 22, 2026, more than four months after the DISH dispute was received, an Imagine credit card account in Najjar's name was placed for collection with RGS. (*Id.*). The next day, RGS mailed the initial validation notice providing the required FDCPA disclosures, including the right to dispute the debt within thirty (30) days of the initial notice on the Imagine account. (*Id.*). RGS did not hear anything from Najjar regarding this account until March 11, 2026, when it was served with the state court complaint alleging that RGS's January 23, 2026, letter violated the FDCPA. (*Id.*).

2.

Under 15 U.S.C. § 1692g(b), once a consumer timely disputes a debt and requests validation, the collector can either validate the debt or cease collections. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031-32 (6th Cir. 1992) (finding that debt collector did not violate the FDCPA by failing to verify the consumer's debt in response to his request for verification because the debt collector ceased collection activity after receiving the request); *Clay v. Radius Glob. Sols., LLC*, No. 2:24-CV-02124, 2025 WL 1517859 (D. Nev. May 28, 2025), *report and recommendation adopted*, 2025 WL 3653951 (D. Nev. Dec. 16,

2025) (when a creditor ceased collection on a debt after validation was requested, there was no violation of § 1692g(b)).

Here, as to the DISH Network account, the record shows that RGS complied with the FDCPA by ceasing collection efforts for this account in response to her dispute letter. Najjar has offered no evidence to the contrary. Therefore, there is no genuine issue of material fact that RGS did not violate the FDCPA with respect to the DISH Network account.

As noted above, the January 23, 2026 collection letter pertains to an entirely separate debt, an Imagine credit card debt, that was placed for collection on January 22, 2026, which was months after receiving Najjar's letter disputing the DISH Network account. Federal courts have consistently concluded that a debt collector's efforts to collect a debt separate from one which an individual disputes, provides notice of representation, or refuses to pay does not constitute a violation of the FDCPA. *See, e.g., Madison v. RBC Group, Inc.*, No. 5:19CV980, 2020 WL 511912(N.D. Ohio Jan. 30, 2020) (plaintiff's cease and desist letter did not preclude collection efforts for a "separate and distinct debt"); *Jones v. Nationwide Recovery Serv., Inc.*, No. 1:22-CV-01347, 2023 WL 9051449 (N.D. Ga. Apr. 28, 2023) (plaintiff's letter referencing nonexistent future debts does not provide adequate notice of representation for a subsequently placed account). Similarly, "a debt collector's efforts to collect a debt separate from one which an individual

refuses to pay (or directs a debt collector to cease collection efforts regarding) does not constitute a violation of 15 U.S.C. § 1692c(c)." *Evans v. Resurgent Capital Services*., 1:23-cv-02054, 2024 WL 1557200, *3 (D. Md. April 10, 2024).

Moreover, there is no evidence that Najjar disputed the Imagine credit card debt. A debt collector's obligation to verify the debt is explicitly contingent upon the debtor making a request for validation in writing and within thirty days of receiving notice of the debt. *Lipa v. Asset Acceptance, LLC*, 572 F. Supp. 2d 841, 854 (E.D. Mich. 2008) ("This language makes clear that the consumer's right (to validation of the debt) and the collector's responsibilities (to validate the debt and cease collection activities) are not triggered unless the consumer files a request for validation within thirty days of receiving notice of the debt.") (citing *Luxenburg v. Equifax Credit Info. Servs*., 2005 WL 78947, *1, 3 (N. D. Ill. Jan. 12, 2005). Thus, Najjar's FDCPA claim fails as a matter of law as it relates to RGS's attempts to collect on the Imagine credit card account.

## V. Conclusion

For the reasons stated above, it is RECOMMENDED that RGS's motion for summary judgment (ECF No. 10) be GRANTED.

Dated: October 15, 2026
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without

merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager